## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NAVAJO AGRICULTURAL
PRODUCTS INDUSTRY,

      Plaintiff,

v.                                                          Civ. No. 1:20-cv-01183 MIS/JFR

UNITED STATES OF AMERICA,

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss. ECF No. 4. Plaintiff responded, and Defendant replied. ECF Nos. 8, 9. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion in part and deny it in part as explained below.

### BACKGROUND

Plaintiff is an enterprise of the Navajo Nation that was created to operate a commercial farm for the benefits of the tribe. ECF No. 1 at 1, ¶ 1. Congress authorized the Navajo Indian Irrigation Project ("Project"), a large irrigation project south of Farmington, New Mexico. *Id.* at 3–4, ¶ 12. Defendant completely owns the irrigation system and siphons of the Project, including a section of the system called the Kutz Siphon. *Id.* at 4, ¶ 17. Plaintiff "was not permitted to do any maintenance on the Kutz Siphon" without the direct permission of Defendant. *Id.* On May 13, 2016, a pipe in a section of the Kutz Siphon ruptured, blowing concrete 100 to 200 feet away, damaging an overhead powerline, and spewing water rapidly into a nearby wash. *Id.* at 5, ¶¶ 21, 23, 24. Plaintiff was able to shut off the water to stop the waste, but it and its farmers had no

way to irrigate their newly planted crop. *Id.* at ¶¶ 25, 26. Repairs were eventually completed on the Kutz Siphon in mid-June, restoring service after about a month with no water available. *Id.* at ¶ 27.

Since Defendant owns and maintains the Kutz Siphon, Plaintiff alleges that it owed Plaintiff a duty to maintain the Kutz Siphon with reasonable care. *Id.* at ¶ 29. Plaintiff alleges that Defendant was aware of the old and failing nature of the Kutz Siphon for years and that Defendant admitted it was negligent in a report issued in August 2017. *Id.* at 4, ¶ 18; 6, ¶ 30. Due to Defendant's negligence, Plaintiff claims it sustained approximately $8 million in damages. *Id.* at 7, ¶ 42.

Plaintiff filed an administrative claim with the appropriate federal agency on February 22, 2019. *Id.* at 3, ¶ 8. The agency denied the claim on May 14, 2020. *Id.* at ¶ 9. Plaintiff filed the Complaint in this case under the Federal Tort Claims Act ("FTCA") on November 13, 2020. *See id.* at 1. The Complaint alleges three Counts: (1) negligence; (2) negligent hiring, training, supervision, and retention; and (3) vicarious liability, respondeat superior, ostensible agency and/or agency. *Id.* at 7–10. Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 4.

## LEGAL STANDARD

### 1. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). "[T]he party invoking federal jurisdiction," generally the plaintiff,

"bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows defendants to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F .3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States,* 531 U.S. 425, 437 (2001).

## 2.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the

plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

## DISCUSSION

The FTCA waives the sovereign immunity of the United States and allows it to be sued for certain torts. 28 U.S.C. § 2674. However, the statute contains limitations on the government's waiver of immunity. For example, there is a statute of limitations period, a notice requirement, a discretionary function exception, and the claim must arise under state tort law. *See* 28 U.S.C. § 2401(b) (statute of limitations); 28 U.S.C. § 2675(a) (notice requirement); 28 U.S.C. § 2680(a) (discretionary function exception); 28 U.S.C. § 1346(b) (limited to state tort law). If any of these requirements are not met, the government's waiver of immunity does not apply, and district courts have no jurisdiction. *See, e.g.*, *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir. 1999). Defendant moves to dismiss for lack of jurisdiction under Rule 12(b)(1) for each of these reasons[1] and moves to dismiss Count III for failure to state a claim under Rule 12(b)(6).

### 1. The FTCA Statute of Limitations

Defendant argues that Plaintiff's claims must be dismissed for failure to comply with the FTCA statute of limitations, which is two years. ECF No. 4 at 8–10. The Kutz Siphon failed on May 13, 2016, and Plaintiff did not file its administrative claim until March 2019. *Id.* at 8. Defendant asserts that the injury-occurrence rule applies in this

---

[1] In the Motion, the argument regarding the discretionary function exception is placed under a heading seeking dismissal under Rule 12(b)(6). ECF No. 4 at 15. The Court notes that "it must convert a Rule 12(b)(1) motion to one under Rule 12(b)(6) . . . if the jurisdictional question is intertwined with the merits of the case. Whether the discretionary-function exception applies is such a question." *Franklin Sav. Corp.*, 180 F.3d at 1129 (cleaned up). Thus, technically, a motion to dismiss based on the discretionary function exception seeks dismissal based on lack of jurisdiction but becomes a motion under Rule 12(b)(6).

case; and therefore, Plaintiff's claims are time barred. *Id.* at 8–10. Plaintiff responds by arguing that the discovery rule applies and asserting that its claims were timely because it did not learn of the negligence until August 2017. ECF No. 8 at 2–5.

"In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the medical malpractice context is the 'injury-occurrence rule.'" *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003). However, "the discovery rule applies only in the exceptional case where a reasonably diligent plaintiff could not immediately know of the injury and its cause." *Id.* (cleaned up). Here, Plaintiff alleges that "[t]he irrigation system and siphons are completely owned by the Defendant, and [Plaintiff] was not permitted to do any maintenance on the Kutz Siphon other than at the direct orders of [Defendant]." ECF No. 1 at 4, ¶ 17. At the motion to dismiss stage, the Court accepts this alleged fact as true.[2] Plaintiff has alleged that it had no access to the Kutz Siphon. Thus, the Court finds that a "reasonably diligent plaintiff" could not immediately have known of the *cause* of the injury in this case, and therefore, the discovery rule applies. *See Cannon*, 338 F.3d at 1190. As such, the statute of limitations was tolled until Plaintiff discovered the cause of the injury in August 2017, and it follows that Plaintiff's administrative claim was timely filed in March 2019.

## 2. Duty to Maintain the Kutz Siphon

Defendant argues that Plaintiff's negligence claim cannot survive because Defendant owed Plaintiff no duty to provide water under state tort law; its only duty to

---

[2] Defendant does not specify if it intends its argument to be a facial attack or a factual attack under Rule 12(b)(1). *See* ECF No. 4 at 8–10. However, since it is apparent that the parties do not have any relevant factual disputes about the dates in question and rather disagree about what law governs, the Court will construe Defendant's arguments as a facial attack and apply the corresponding standard.

provide water stemmed from either a federal statute or a contract resulting from the statute. ECF No. 4 at 10–14. Plaintiff counters that its negligence claim is based on Defendant's duty to properly maintain the Kutz Siphon, not its duty to provide water in the first instance. ECF No. 8 at 6–11.[3]

"The broad and just purpose which the [FTCA] was designed to effect was to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable." *Indian Towing Co. v. United States*, 350 U.S. 61, 68 (1955). "[T]he FTCA's waiver of sovereign immunity is limited to conduct for which a private person could be held liable under state tort law."[4] *United States v. Agronics Inc.*, 164 F.3d 1343, 1346 (10th Cir. 1999) (citing 28 U.S.C. § 1346(b)); *see also Hoefler v. United States*, 121 F. App'x 464, 466 (3d Cir. 2005) (holding that the "private analog" in state tort law should be applied in FTCA cases).

As a general matter, for actions in negligence, New Mexico courts follow the "duty framework" of the Restatement (Third) of Torts and focus on policy considerations when

---

[3] Plaintiff also points out that the tribe's water rights predate the statute Defendant relies on. Although Plaintiff's remarks on this topic could be interpreted as claiming that Defendant had a duty to provide water based on a treaty, such is not consistent with the Complaint. *See generally* ECF No. 1. Plaintiff's Complaint makes no mention of treaty rights and focuses only on Defendant's negligence in maintaining the Kutz Siphon, over which Plaintiff alleges Defendant exercised exclusive control. *See id.* at ¶ 17. Thus, the Court will not base its analysis on Plaintiff's aside about tribal water rights based on a treaty.

[4] Because Defendant again challenges the government's waiver of sovereign immunity, the Court construes the relevant portion of the Motion to Dismiss as one under Rule 12(b)(1) for lack of subject matter jurisdiction. As with the first issue addressed, Defendant does not specify if it intends its argument to be a facial attack or a factual attack under Rule 12(b)(1). *See* ECF No. 4 at 8–10. Additionally, although Defendant claims two contracts exist between the parties, Defendant did not provide the Court with either contract. *See id.* at 5. Thus, the Court will construe the issue as a facial attack under Rule 12(b)(1) and apply the corresponding standard. Moreover, the Court finds that the existence of contracts in this case is not relevant to its analysis, based on state tort law in New Mexico and as described herein.

determining whether a duty exists.[5] *Lopez v. Devon Energy Prod. Co., L.P.*, 468 P.3d 887, 892–93 (N.M. Ct. App. 2020). Moreover, analogous with the facts of this case, New Mexico recognizes a private right of action for negligence in the construction and maintenance of dams, which control the flow of water and can cause serious damage to property, including crops, if not built and maintained properly. *Little v. Price*, 397 P.2d 15 (N.M. 1964). In *Little*, the state supreme court upheld the trial court's finding that the defendant was negligent because he failed to maintain a dam with due care. *Id.* at 26. It also upheld the trial court's finding of damages for "the cost of water for irrigation, . . . labor, fertilizer, price received for seed from ginned cotton, cost of hauling, ties and bagging for ginned cotton." *Id.* at 24. Thus, in accordance with New Mexico law and the policy considerations advised by New Mexico courts, the Court finds that Defendant had a duty, under New Mexico tort law, to maintain the Kutz Siphon with reasonable care.

Applying Louisiana tort law, the Fifth Circuit concluded similarly and found that "[f]ailure to exercise due care in buoy maintenance g[ave] rise to an action in negligence against the government under the [FTCA]" because "[o]nce the Coast Guard sets out buoys as navigational aids, it is bound to maintain them in a reasonable and prudent manner." *Tringali Bros. v. United States*, 630 F.2d 1089, 1090 (5th Cir. 1980). The panel examined the statute authorizing the Coast Guard's actions and determined that "[t]he

---

[5] "An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement (Third) of Torts: Phys. & Emot. Harm § 7 (2010). This duty can flow from both a contract and state tort law simultaneously. *See id.* § 42 cmt. c (explaining that a person who installed a furnace, presumably pursuant to a contract to do so, owed a duty of reasonable care as provided in § 7); *id.* § 4 cmt. a ("These options [to sue based on contract and tort] coexist. A professional is subject to duties founded in both tort, a public source, and contract, a private source. Usually[,] a professional who breaches one of those duties will also breach the other, allowing the plaintiff to choose which to make the basis of a lawsuit.").

Coast Guard ha[d] no statutory duty to place navigational aids in hazardous waterways but it [was] authorized to do so by 14 U.S.C. § 81 and 14 U.S.C. § 83, which specify that the Guard has sole authority to perform this function." *Id.* The statute providing authorization, 14 U.S.C. § 81, is titled "Aids to navigation *authorized*," and states that "the Coast Guard may establish, maintain, and operate" aids to navigation. Here, the statute cited by Defendant to assert that Plaintiff has a statutory duty to provide water uses similar language to the statue in *Tringali*. *See* 76 Stat. 96 ("An Act [t]o *authorize* the Secretary of the Interior to construct, operate, and maintain the Navajo Indian irrigation project . . . ."). Thus, both statutes "authorize" the government entity to provide a service. The Court finds persuasive the interpretation of the Fifth Circuit; the statute here does nothing to undo the duty that arises under New Mexico tort law.

Additionally, a federal district court applying Idaho law in an FTCA case came to the same conclusion. *Harmon v. United States by & through Bureau of Indian Affs.*, No. 4:15-CV-00173-BLW, 2017 WL 1115158, at *8–12 (D. Idaho Mar. 24, 2017). In *Harmon*, the plaintiff alleged that the federal-agency defendant "failed to properly maintain and administer water delivery systems" on a project, which resulted in "multiple flooding events . . . that damaged crops." *Id.* at *1. The plaintiff's administrative claim alleged "that these flooding incidents were a direct and proximate cause of [the agency's] negligent failure to properly monitor water flow, lock and collar headgates, and keep surface ditches maintained." *Id.* at *2. The court applied the assumption-of-duty tort doctrine and concluded "courts have held that the 'United States may be liable under the [FTCA] for negligent provision of services upon which the public has come to rely.'" *Id.* at *10 (quoting *United Scottish Ins. Co. v. United States*, 614 F.2d 188, 196 (9th Cir. 1979) (which was

quoting *Gill v. United States*, 429 F.2d 1072, 1075 (5th Cir. 1970)). The court further explained that "tort liability cannot be predicated upon a violation of federal law alone, [but] the existence of federal regulations or statutes may provide evidence that the government assumed a duty and may strengthen claims of justifiable reliance." *Id.* (collecting cases). *See also Leone v. United States*, 690 F. Supp. 1182, 1190 (E.D.N.Y. 1988) (finding that "[t]he United States assumed the duty of licensing pilots" pursuant to FAA regulations and thus could be held liable under the FTCA for negligence in carrying out the licensing).

Similarly, Plaintiff points to *Holiday Management Co. v. City of Santa Fe* to show there is a private right of action in New Mexico, or a duty at common law, for its claims of negligence in maintaining the Kutz Siphon. ECF No. 8 at 9 (citing 610 P.2d 1197 (N.M. 1980)). In that case, the New Mexico Supreme Court interpreted a state statute and found that the City had waived immunity to suit where it negligently *maintained* a sewer. 610 P.2d at 1199. The court distinguished between the City's lack of duty to *provide* the service in the first place with the City's duty to *maintain* the service with reasonable care after it decided to provide it. *Id.* at 1198–99. Although the focus of the court's analysis was on the interpretation of the state statute, the rationale follows the principles of the Restatement. If the City chose to provide water, it could not then do so negligently without giving rise to a tort claim. Similarly, here, regardless of why Defendant installed and operated the Kutz Siphon, once it accepted responsibility for maintenance of the system, it had a duty to maintain it with reasonable care.

Defendant relies on *Kreischer v. Armijo*, 884 P.2d 827 (N.M. Ct. App. 1994), to show that "[i]n New Mexico, a claim based on an alleged failure to deliver a good or

service sounds in contract not tort—even when the failure to deliver is based on the defendant's negligence." ECF No. 4 at 12. In *Kreischer*, the plaintiff explicitly alleged that he had a contract with a company to build his home. 884 P.2d at 828. When construction was not completed but money had been paid, he sued the owner instead of suing the company. *Id.* at 828–29. Thus, the first issue before the court was who the correct defendant was. *Id.* at 829. If tort law applied, the owner could be sued as the agent of the company. *Id.* However, if only contract law applied, only the company was the correct defendant. *Id.* As to the plaintiff's alleged tort claims, the court emphasized that "[t]he obligation to properly construct the house . . . was created by the contract and was not an obligation imposed by law," and "the obligation to use the money on the construction of the house was a duty imposed by the contract and not by law." *Id.* at 829–30. Ultimately, the court "conclude[d] that *the gist of the complaint* . . . was actually a breach of the construction contract." *Id.* (emphasis added). By contrast, here, the gist of Plaintiff's Complaint is that Defendant was negligent in maintaining the Kutz Siphon, which Defendant had sole control over. *See generally* ECF No. 1. Plaintiff alleges nothing in relation to any contract.[6]

Defendant also relies on two unpublished district court cases from outside the Tenth Circuit to support its position. ECF No. 4 at 13 (citing *Olson v. United States*, 2015 WL 1865589 (E.D. Wash. 2015); *Rice v. United States*, 2008 WL 11415915 (D. Mont. 2008)). In *Rice*, the court found that the plaintiff had made "[n]o case for damages

---

[6] Defendant also cites *Agronics* for the proposition that "the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs." 164 F.3d at 1345 (cleaned up). However, importantly, in *Agronics*, the plaintiff alleged a breach of a statutory duty. *Id.* at 1344. Here, Plaintiff has alleged no such breach of a statutory duty. *See generally* ECF No. 1. Rather, Plaintiff alleges ordinary negligence claims sounding in tort.

stemming from poor maintenance as distinct from those based on absence of water." 2008 WL 11415915 at *2. The court concluded that the discretionary function exception applied and thus the claims were not actionable under the FTCA. *Id.* Here, Plaintiff has explicitly made a case that its claims arise from Defendant's failure to properly maintain the Kutz Siphon, as opposed to Defendant's failure to deliver water. *See* ECF Nos. 1 at 4–5. Thus, *Rice* is less than persuasive.

Similarly, in *Olson*, the plaintiffs brought claims for breach of contract and negligence. 2015 WL 1865589 at *1. In examining the tort claim, the court interpreted Washington state law and determined that the plaintiffs had identified no duty to supply water independent of the contract. *Id.* at *4–5. The court explained that the defendant had "not breach[ed] a non-contractual duty of care to avoid actively inflicting damage upon [the plaintiffs'] property, such as by causing flooding to adjacent land." *Id.* at *5. The "alleged negligence did not result in any direct damage to [the plaintiffs'] property, it only directly caused damage to [the defendant's] property, a burst pipe and two broken pumps." *Id.* The plaintiffs' "damages were only caused by the failure to supply irrigation water, a contractual obligation." *Id.* Here, Plaintiff has alleged that Defendant's negligent maintenance caused significant damage to Plaintiff's property. ECF No. 1 at 5 (i.e., alleging that concrete blew 100 to 200 feet away with debris damaging an overhead powerline). Thus, *Olson* is similarly unpersuasive.[7] In sum, the Court finds that Defendant had a duty, under New Mexico tort law, to maintain the Kutz Siphon with reasonable care.

---

[7] In response to Plaintiff's arguments about water rights stemming from treaties, Defendant points the Court to *Skokomish Indian Tribe v. United States*, 410 F.3d 506 (9th Cir. 2005). In that case, the plaintiff brought claims alleging that the United States "violated its obligations under the Treaty." *Id.* at 510. Thus, the Ninth Circuit's analysis of the plaintiff's claims is minimally helpful here, where Plaintiff did *not* bring any

### 3. Discretionary Function Exception (Count II)

Defendant asserts that Count II (negligent hiring, training, supervision, and retention) should be dismissed for lack of subject matter jurisdiction under the discretionary function exception to the FTCA. ECF No. 4 at 15–19. The FTCA waiver of sovereign immunity does not extend to employees' performance of or failure to perform a "discretionary function." 28 U.S.C. § 2680(a). If the discretionary function exception applies, then the United States retains its sovereign immunity, and district courts do not have jurisdiction over the claim(s). *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir. 1999). To survive a motion to dismiss, "a plaintiff must allege facts that place its claim facially outside the exception." *Id.* Courts use a two-step analysis to determine if the exception applies. *Id.* (citing *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)). First, courts must "consider whether the action is a matter of choice [or judgment] for the acting employee." *Berkovitz*, 486 U.S. at 536. If the conduct is a matter of judgment, then courts must "determine whether that judgment is of the kind that the discretionary function exception was designed to shield" because the exception "protects only governmental actions and decisions based on considerations of public policy." *Id.* at 536–37.

Here, the overwhelming weight of authority leads to the conclusion that Count II falls within the discretionary function exception. First, the actions complained of in

---

claims alleging violations of treaty obligations. *See* ECF No. 1 (alleging tort claims without mentioning treaty obligations).

Finally, Defendant also cites to *Haney v. Castle Meadows, Inc.*, 868 F. Supp. 1233 (D. Colo. 1994) and *Wolf v. United States*, 855 F. Supp. 337 (D. Kan. 1994). In *Haney*, the plaintiff brought claims under two specific contracts named in the complaint. 868 F. Supp. at 1236. In *Wolf*, the plaintiff also brought claims based on an agreement, and the dispute arose out of a real estate transaction. 855 F. Supp. at 338. Thus, the Court does not find these cases persuasive either.

Count II—hiring, training, supervising, and retaining employees—all involve a matter of choice or judgment. *See Berkovitz*, 486 U.S. at 536. Plaintiff has alleged no facts to allow the Court the conclude otherwise. *See* ECF No. 1 at 3–7, 9–10. Second, caselaw supports the conclusion that hiring, training, supervising, and retaining employees are the kinds of actions that the exception was designed to shield. *See, e.g.*, *Richman v. Straley*, 48 F.3d 1139, 1146 (10th Cir. 1995) ("Decisions regarding employment and termination are inherently discretionary, especially where, as here, the relevant statutes provide no guidance or restrictions. Such sensitive decisions are precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing.") (citation omitted); *Sydnes v. United States*, 523 F.3d 1179, 1187 (10th Cir. 2008) ("A federal agency's decision to terminate or request the termination of an employee involves an element of choice and is the kind of decision that implicates policy concerns relating to accomplishing the agency's mission."); *Garcia v. United States*, 709 F. Supp. 2d 1133, 1151–52 (D.N.M. 2010) (finding that the training and supervision for "when an off-duty officer may or should step in to quell a disturbance or make an arrest . . . is conduct that the discretionary-function exception protects").

Plaintiff maintains that Count II should not be dismissed and requests discovery to determine if there are "any particular policies, handbooks[,] or directives" that limited Defendant's discretion in hiring and training employees. ECF No. 8 at 14. To support its arguments, Plaintiff relies on a single unpublished district court case from the District of Kansas. *Id.* (citing *Doe v. United States*, No. 16-2162, 2017 U.S. Dist. LEXIS 72049, at *15 (D. Kan. May 10, 2017)). In *Doe*, the plaintiff alleged that a Veterans Affairs ("VA") physician assistant ("PA") touched him inappropriately and that the VA was negligent in

hiring and supervising the PA who had previously been convicted of a sex-related crime. 2017 U.S. Dist. LEXIS 72049 at *3–4. The plaintiff also alleged that the defendant "failed to monitor [the PA's] clinical activities . . . as required by VHA Directive 1063" and "that VA supervisors failed to perform actions required by VHA Handbook 1100.19; VHA Directive 2012-030, and all preceding regulations; and VHA Directive 2004-029." *Id.* at *4. In ruling on the defendant's motion to dismiss, the court concluded that the plaintiff had alleged facts that placed his claim facially outside the discretionary function exception as to the negligent supervision claim but not as to the negligent hiring claim. *Id.* at *13–24. The negligent hiring claim was dismissed, but the court did retain jurisdiction over the negligent supervision claim. *Id.* at *35.

Here, Plaintiff has not made any allegations like those made in *Doe*. Plaintiff has not alleged that any specific federal policy or regulation required Defendant to take certain steps in the hiring, training, or supervision of Defendant's employees. *See generally* ECF No. 1. Thus, Plaintiff's allegations do not facially place its claims in Count II outside of the discretionary function exception. Moreover, the case that Plaintiff relies on does not support its request for discovery. No discovery was requested or granted in *Doe*; rather, the plaintiff in that case had made allegations that were sufficient to survive a motion to dismiss. *See* 2017 U.S. Dist. LEXIS 72049 at *4, 13–24, 35. Plaintiff has provided no other authority to suggest that the Court should allow discovery on this question. *See* ECF No. 8. Moreover, it is well settled that discovery is not permitted as a fishing expedition. *See, e.g.*, *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021).

In sum, Plaintiff has not alleged facts sufficient to suggest that either prong of the *Berkovitz* test is not met. *See Sydnes*, 523 F.3d at 1183 (explaining that plaintiffs only need show that *either* prong is not met for the claim to proceed). Moreover, the Tenth Circuit has generally held that hiring is inherently discretionary absent some authority removing that discretion, such as a statute or regulation. *See, e.g.*, *Richman*, 48 F.3d at 1146. Thus, the Court concludes that, absent more specific allegations from Plaintiff to suggest that there is authority that removes Defendant's inherent discretion, Count II will be dismissed because the discretionary function exception applies.

### 4. Vicarious Liability Claim (Count III)

Defendant argues that Plaintiff has failed to state a separate claim in Count III based on vicarious liability, respondeat superior, or agency. ECF No. 4 at 19–20. Scope of employment is one theory of holding employers vicariously liable for the conduct of their employees. *See Primeaux v. United States*, 181 F.3d 876, 879 (8th Cir. 1999). In some states, vicarious liability may also be extended to employers for actions of employees outside the scope of their employment, such as on a theory of apparent authority. *See id.* Whether or not New Mexico law holds that "scope of employment" and "apparent authority" (or other vicarious liability theories) are distinct theories of vicarious liability, the FTCA's waiver of sovereign immunity only extends to scope of employment. 28 U.S.C. § 1346(b)(1). In other words, a plaintiff cannot hold the United States liable for a tort under the FTCA on any theory of vicarious liability, other than the theory of scope of employment. *See id.* Thus, Plaintiff's claims in Count III will be dismissed. Count I seeks to hold Defendant liable for negligence based on employees' actions within the scope of employment. Count III fails to state a separate claim for vicarious liability.

**5. FTCA Notice (Counts II and III)**

Defendant argues that Plaintiff's claims in Counts II and III must be dismissed for lack of jurisdiction because Plaintiff failed to exhaust these claims in its administrative claim. ECF No. 4 at 14–15. Because the Court dismisses Counts II and III on other grounds, it need not reach Defendant's arguments regarding notice under the FTCA.

<strong>CONCLUSION</strong>

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, ECF No. 4, is GRANTED IN PART and DENIED IN PART as explained herein. Count II is dismissed without prejudice, and Count III is dismissed with prejudice. Count I remains.

**IT IS SO ORDERED.**


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE